```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

DORIS ADAMS, an individual,      )
                                 )
                    Plaintiff,   )
                                 )
          v.                     )     No. CIV-11-420-FHS
                                 )
UNARCO INDUSTRIES, a foreign     )
Limited Liability Corporation,   )
                                 )
                    Defendants.  )

## ORDER

Before the court for its consideration is Plaintiff's Motion for Remand and Incorporated Memorandum of Law (Doc. 6). In that motion, the plaintiff argues that since this case involves a claim under worker's compensation law it is non-removable. Plaintiff also argues this case is not removable pursuant to 28 U.S.C. Sec. 1441 (c) because the federal issues contained in the case are not separate and independent from the state law claim. Plaintiff also seeks attorney fees stating the removal was improper.

Defendant argues that removal is proper because the presence of the worker's compensation cause of action does not preclude removal. Further, defendant argues removal is proper because the federal law intended to only prohibit removal of worker's compensation claims that involved an injury to a worker, not retaliation. Finally, defendant argues the issues involved in the federal portion of this lawsuit are separate and independent of the state law claim. Defendant argues the federal law claims address plaintiff's employment with the defendant, whereas the state law claim addresses her termination from her employment with defendant.

The court finds the facts as follows. Plaintiff was employed by the defendant. On May 11, 2011, plaintiff was terminated. On June 27, 2011, plaintiff filed a petition in the Wagoner County District Court with the caption <u>Adams v. Unarco Industries.</u> In this lawsuit she makes claims against the Defendant under Okla. Stat. tit. 85 Sec. 1, et. seq. alleging wrongful termination in retaliation of plaintiff's filing of a worker's compensation claim. On October 12, 2011, plaintiff filed another petition in the Wagoner County District Court with the caption <u>Adams v. Unarco Industries</u>, regarding claims against the defendants under Title VII alleging disparate treatment based on sex discrimination and based on age and intentional infliction of emotional distress.

Plaintiff filed an Unopposed Motion to Consolidate the two actions on November 18, 2011. The basis for consolidation was that both cases arose out of the same nucleus of facts: the termination of plaintiff on May 11, 2011. On November 18, 2011, the judge in those cases issued an Order granting Plaintiff's Unopposed Motion to Consolidate the two actions. On November 23, 2011, defendant filed a Notice of Removal in this court. The removal was based on federal question jurisdiction.

Plaintiff filed a timely Motion to Remand. In the motion to remand, the plaintiff argues the worker's compensation claim is not removable to this court and since the federal claims are not separate and independent from the state court claims, removal of the entire case is not permitted pursuant to 28 U.S.C. Sec. 1441 (c).

Defendant responded and argued that since the entire action is not based on worker's compensation laws, removal is proper. Defendant argues that 28 U.S.C. Sec. 1445 (c) was to prevent the

removal of cases to federal court that were only based on worker's compensation laws. Defendant argues that in plaintiff's lawsuit her cause of action is based on state tort law and federal law.  Defendant also argues that plaintiff's state law claims are separate and independent from her federal claims. Defendant argues plaintiff's federal claims are based on facts that address the time she was employed with defendant, whereas her state law tort claim addresses facts dealing with her termination from defendant.

> 28 U.S.C. Sec. 1441 (a) provides a defendant may remove:
>> Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction....
>
> 28 U.S.C. Sec. 1445 (c ) provides:
>> A civil action in any State court arising under the workermen's compensation laws of such State may not be removed to any district court of the United States.

It has been held that a wrongful termination claim pursuant to 85 O.S. Sec. 5 is a claim that "arises under the worker's compensation laws" of Oklahoma.  <u>Suder v. Blue Circle, Inc.</u>, 116 F.3d 1351, 1352 (10th Cir. 1997).  Thus, the workers' compensation portion of this lawsuit is non-removable.

Pursuant to 28 U.S.C. Sec. 1441 (c), removal is appropriate in cases alleging both a non-removable state law claim and federal claims if the federal question is "separate and independent" from the state law claim. The court finds in the case at bar the federal claims are not separate and independent from the state law claims.  The case was consolidated at the state district court level after that court made a finding that both cases arose out of the same nucleus of facts.  The evidence for all claims is similar and part of the same case and

controversy. This court agrees with the state district court that
both the federal claim and the state law tort claim arise out of
the same nucleus of facts: plaintiff's employment with defendant.
As a result, this court finds defendant cannot remove the entire
case under 28 U.S.C. 1441 (c).

This court agrees with the court in Pully v. Bartlett-
Collins Company, 2006 WL 3386909[1], and finds the entire case
should be remanded to state court.   In an unpublished decision,
the court in Pully stated:

>Considering the absence of controlling authority
>and all relevant policy considerations, the court
>concludes the remand of the entire case, including
>the federal claims is proper. First, the court is
>persuaded that 1445 (c) must trump federal
>question jurisdiction where all claims are part of
>one case and controversy. The Court therefore
>departs from Hummel and Sherrod and instead
>follows the Seventh Circuit's indication in
>Spearman that the entire case is not removable.
>Second, the Court concludes that relevant policy
>considerations weigh in favor of remanding all
>claims joined with a workers' compensation claim.
>Such considerations include: (1) the interest in
>avoiding piecemeal litigation of claims, (2) the
>preference for plaintiff's choice of forum, (3)
>the state court's general jurisdiction and ability
>to hear the related federal claim, and (4) the
>judicial economy that results in adjudicating all
>related claims in the same forum. The opposite
>result would force Plaintiff to try two separate
>cases in different forums arising from the same
>facts and would result in a waste of judicial
>resources. Although the Court's conclusion has the
>undesirable result of eliminating Defendants'
>right to remove a claim presenting a federal
>question, the policy considerations of judicial
>economy and Plaintiff's choice of forum for the

---

[1]The court is aware the decision of the Pully court is
unpublished but agrees with it's reasoning and conclusions. Thus,
the court cites it for these reasons.

> entire case outweigh the right to remove the
> federal claim under these specific circumstances.
> Accordingly, the Court concludes that retention of
> the federal claims is improper and that remand of
> the entire case is mandated by Section 1445 (c).
> <u>Pully</u>   at 3. (internal citations omitted)

Accordingly, the court finds the remand of the entire case, including the federal claims is proper. The court is persuaded that 28 U.S.C. Sec. 1445 (c) must trump federal question jurisdiction where all claims are part of one case and controversy.

The plaintiff has requested attorney fees in this case arguing the removal was improper. The court is exercising the discretion allowed it in 28 U.S.C. Sec. 1447 (c) and declines to order attorney fees in the case at bar. See <u>Martin v. Franklin Capital Corporation</u>, 393 F.3d 1143, 1146 (10th Cir. 2004)("The language of 1447 ( c) directs that the award of attorney fees rest squarely within the discretion of the district court when a remand is ordered.").

Therefore, it is ordered that this action is remanded to the District Court in and for Wagoner, County, State of Oklahoma.

IT IS SO ORDERED this 6th day of February, 2012.

Frank H. Seay
United States District Judge